UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>          Plaintiff,<br><br>     v.<br><br>GARY SKILLMAN,<br><br>          Defendant. | Case No. 21-cv-02968-DMR<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Samuel Love alleges that Defendant Gary Skillman dba The Northern Inn Motel violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. [Docket No. 1.]

At issue in this case is the scope of the regulations implementing the ADA, specifically with respect to reservations systems for lodging facilities.

The regulations require a covered lodging facility to:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms . . . .

28 C.F.R. § 36.302(e)(1)(i). The regulations also require lodging facilities to:

> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs . . . .

28 C.F.R. § 36.302(e)(1)(ii).  These two requirements are collectively referred to here as the "Reservations Rule."  Plaintiff alleges that Defendant's reservation system violates the Reservations Rule by failing to describe the hotel's accessibility features in sufficient detail.

Many nearly identical cases have been filed in this and other California district courts.

1  Some courts have found that ADA plaintiffs bringing cases under the Reservations Rule
2  adequately state a claim for relief.  *See, e.g.*, *Garcia v. Patel and Joshi Hospitality Corp.*, Case
3  No. 20-cv-2666-JGB, Docket No. 11 (C.D. Cal. Mar. 19, 2021).  Others have dismissed similar
4  claims at the pleadings stage.  *See, e.g.*, *Love v. Marriott Hotel Srvcs., Inc.*, No. 20-cv-07137-TSH,
5  2021 WL 810252 (N.D. Cal. Mar. 3, 2021).  The Ninth Circuit has yet to interpret the
6  Reservations Rule, but appeals are currently pending in at least two cases.  *See Love*, 2021 WL
7  810252, *appeal docketed*, No. 21-15458 (9th Cir. Mar. 15, 2021); *Garcia v. Gateway Hotel L.P.*,
8  2021 WL 936176 (C.D. Cal. Feb. 25, 2021), *appeal docketed*, No 21-55227 (9th Cir. Mar. 10,
9  2021).  The cases on appeal squarely concern the issues raised in Plaintiff's complaint.

Accordingly, Plaintiff and Defendant are ordered to show cause as to why this action should not be stayed pending a Ninth Circuit ruling in one or both of the above-cited cases.  Each party shall submit a 3-page written response to this order by September 10, 2021, showing cause as to why this action should not be stayed.

**IT IS SO ORDERED.**

Dated: September 3, 2021



_____
Donna M. Ryu
United States Magistrate Judge